RULEY, JUDGE:
The claimant seeks to recover damages allegedly caused by respondent’s negligence in certifying a certain parcel of real estate for sale to the Commissioner of Delinquent and Forfeited Lands.
The alleged negligent certification led to litigation between claimant and Marlea Corporation, the owner of the real property in question, which culminated in the West Virginia Supreme Court of Appeals in Marlea Corp. v. Casto,-W.Va.-, 242 S.E.2d 923 (1978). The facts of the case were set forth in the Supreme Court’s opinion, as follows:
“In 1951, W. D. Burrus and his wife bought 1.6 acres in Kanawha County. In 1952 they jointly conveyed .18 acres of the 1.6 acre tract to Ida Rupp. The entire tract remained assessed to Burrus until 1966 when Burrus, his wife, and Ida Rupp conveyed to Marlea Corporation what was intended to be the entire 1.6 acres originally purchased by the Burruses. An erroneous metes and bounds description appears in the deed to Marlea which encompassed only the .18 acre tract conveyed from Burrus to Rupp instead of the full 1.6 acres conveyed by the general description.
After recordation of the deed to Marlea, the assessor, apparently relying upon the incorrect metes and bounds description rather than the general description, both contained in the deed to Marlea, assessed .18 acre in the name of Marlea Corporation and assessed .88 acre in the name of Burrus. As a result of the two land book entries, Marlea *87 did not receive a tax ticket for the .88 acre portion of the parcel. Taxes were not paid on this portion in 1966 and 1967, and the parcel was purchased for the state by the sheriff at the auctions for each of these years.
The record shows that Marlea’s principal officer, Lee Lewis, and his lawyer, A. T. Ciccarello, went to the auditor’s office in February of 1969 to attempt to redeem the property. Carl Fisher, Assistant to the Director of the Land Department in the auditor’s office, testified by deposition that he remembered when the two came to his office to redeem the property and to pay all the taxes, that there was some error, and that all the taxes were not paid. He later, at a hearing held subsequent to this deposition, offered the incredible testimony that the defendant “wasn’t interested” in redeeming the land in question.
Appellant’s [Marlea] most forceful exhibit is the Certificate of Redemption acquired from the auditor. This certificate dated February 28, 1969, notes the receipt of $408.09 “in full payment of taxes, interest and costs due, for the years shown, against the land described . . . This certificate is a receipt for the money paid and a release of the State’s title or claim to the land redeemed for the years shown.” The years shown are 1966 and 1968 for property assessed in the name of “Burrus, W. D. and B. R.” and in the name of “Marlea Corporation, Inc.”
Lewis and Ciccarello later checked to make certain that the redemption was recorded in the assessor’s records as well as in the auditor’s office at the Capitol. Pages from the assessor’s land books show the notation “redeemed from auditor 1966 thru 1968 ext.” for both the Marlea and Burrus parcels.
Nevertheless, the auditor certified to the Commissioner of Delinquent and Forfeited Lands the .88 acre for nonpayment of taxes and upon certification the Commissioner sold for $1,275.00 the .88 acre to appellee Casto for nonpayment of 1967 taxes.
On August 30, 1971, the parcel was conveyed to Casto by the Deputy Commissioner of Forfeited and Delinquent *88 Lands. Marlea filed suit to enjoin Casto from interfering with the property and to set aside this deed. Casto filed a crosscomplaint for rents owed. The circuit court referred the case to Riggs, a commissioner, who found that the sale to Casto by the Deputy Commissioner of Forfeited and Delinquent Lands was in compliance with the Code and served to convey unto Casto the .88 acre in dispute. The Commissioner’s findings were ratified and adopted by the circuit court.”
The Supreme Court held that Marlea had indeed redeemed its property and that the Deputy Commissioner of Forfeited and Delinquent Lands had no jurisdiction to sell land that has been redeemed. The case was remanded for an accounting. Ultimately, it was settled by the parties and a release was executed. The claimant seeks recovery of the purchase price paid, real property taxes and business and occupation taxes paid, attorney fees incurred, the settlement payment made by him to Marlea Corporation and other incidental expenses that the claimant incurred while he possessed the subject property.
West Virginia Code, §llA-4-25, provides a legal remedy by which the claimant may recover the purchase money which he paid, as follows:
“§llA-4-25. Return of purchase money.
Whenever, after sale and before confirmation thereof, it is discovered that the land sold was nonexistent, or that it had been the subject of a duplicate or improper assessment, or was transferred to others under the provisions of section 3, article XIII of the Constitution, the purchaser shall be entitled to a return of the purchase money. Upon request of a purchaser so entitled, it shall be the duty of the deputy commissioner to apply to the circuit court for an order directing the sheriff to return the purchase money. If satisfied that the application is proper, the court shall enter the order applied for, but no costs shall be taxed in connection with such an application. If the ground for entering the order was that the land was nonexistent or the subject of a duplicate assessment, the *89 order shall also direct the assessor to drop the erroneous entry of such lands from the land books.”
West Virginia Code, §11-1-2A, provides a legal remedy for the recovery of taxes improperly required. For those reasons, those facets of the claim ' are expressly excluded from this Court’s jurisdiction by West Virginia Code, §14-2-14 (5).
All of the remaining items of damage claimed relate either to costs of litigation or to ownership and maintenance of the property. If this is viewed as a tort claim, the Court could not conclude that such items of expense were proximately caused by the respondent’s error. If this is viewed as a contract claim, those items of expense could not be considered “forseeable” and, for that reason, their recovery would be precluded by the time honored doctrine enunciated in Hadley v. Baxendale, 89 Exch. 341. Accordingly, the claim must be denied.
Claim disallowed.